Stuart B. Rodgers – 025720
Jonathan C. Simon – 029750
**LANE & NACH, P.C.**
2001 East Campbell Avenue, Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Email: stuart.rodgers@lane-nach.com
Email: jonathan.simon@lane-nach.com

Attorneys for Eric M. Haley, Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>JINEANE M. KING aka MAMA BEARS RESTAURANT,<br><br>    Debtor.<br><br>ERIC M. HALEY, Chapter 7 Trustee,<br><br>    Plaintiff,<br>vs.<br><br>BANK OF AMERICA, N.A., a foreign entity; and JINEANE M. KING,<br><br>    Defendants | (Chapter 7 Case)<br><br>No. 2:13-bk-02517-MCW<br><br>Adv. No. 2:14-ap-00979-MCW<br><br>**COMPLAINT TO AVOID UNAUTHORIZED POST-PETITION TRANSFER OF PROPERTY OF THE ESTATE**<br><br>**COUNT I: 11 U.S.C. § 549**<br><br>**COUNT II: 11 U.S.C. §§ 550 and 551** |

Eric M. Haley, Chapter 7 Trustee and Plaintiff herein, by and through his attorneys undersigned, for his Complaint against Defendants, respectfully alleges as follows:

### I. JURISDICTION AND VENUE

1. This adversary proceeding is brought in connection with the above-captioned case pending under Chapter 7 of Title 11 of the United States Code.

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 541, 549 and 550. This proceeding arises in and is related to the proceeding commenced by the Debtor under Chapter 7 of the United States Bankruptcy Code.

3. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b).

4. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. Pursuant to Federal Rule of Bankruptcy Procedure 7001, a proceeding to recover money or property is governed by Part VII of the Federal Rules of Bankruptcy Procedure.

6. The Plaintiff is permitted to bring this adversary proceeding on behalf of the Estate pursuant to Federal Rule of Bankruptcy Procedure 6009.

7. Upon information and belief, Defendant Bank of America, N.A. is a corporation with headquarters in North Carolina and doing business in the State of Arizona ("Bank of America").

8. Upon information and belief, Defendant Jineane M. King is a resident of Arizona.

## II. GENERAL ALLEGATIONS

9. This case was commenced by voluntary petition filed by Jineane M. King ("Debtor" or "Defendant King") on February 25, 2013 ("Petition Date") in the United States Bankruptcy Court for the District of Arizona.

10. Eric M. Haley is the duly qualified and acting Chapter 7 Trustee herein (hereinafter "Plaintiff" or "Trustee").

11. Debtor is the owner of real property located at 1519 E. Hale Street, Mesa, Arizona 85203 ("Property").

12. On the Petition Date, the Property was being rented for the sum of $1,500.00 per month.

13. Defendant King failed to disclose in her Schedules of Assets and Liabilities that she was receiving rental income from the Property on the Petition Date.

14. Pursuant to 11 U.S.C. § 541(a)(6), any and all post-petition rental income generated by the Property is property of Defendant King's Bankruptcy Estate.

15. In October of 2013, Plaintiff mailed to the tenants residing at the Property ("Tenants") a letter demanding that all future rent be paid to the Trustee.

16. Trustee received one payment from the Tenants in the amount of $1,500.00 on or about

November 4, 2013.

17. The Tenants vacated the Property during December of 2013.

18. Upon information and belief, for the period from March 2013 through October 2013, the Property generated rental income in the approximate amount of $11,600.00 ("Rental Income").

19. Defendant King alleges that $10,280.00 of the Rental Income ("Net Rental Income") was paid to Bank of America ("Transfers"), and has turned over the remaining $1,320.00 to the Trustee.

### III. COUNT ONE

**(Avoidance of Post-Petition Transfer Pursuant to 11 U.S.C. § 549)**

20. Plaintiff realleges and incorporates herein all preceding paragraphs of this Complaint.

21. Pursuant to 11 U.S.C. § 549, the Trustee has the right to avoid a transfer of property of the Estate which occurs after the commencement of the case unless such transfer is authorized by the Bankruptcy Code or the Court.

22. The Transfers occurred post-petition and constitute "transfers" as this term is defined in 11 U.S.C. § 101(54).

23. The Net Rental Income was property of the Estate pursuant to 11 U.S.C. § 541(a)(6).

24. The Transfers were not authorized under the Bankruptcy Code or by this Court.

25. By reason of the foregoing, pursuant to 11 U.S.C. §549(a), Plaintiff may avoid the Transfers.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant Bank of America as follows:

A. For avoidance of the aforesaid Transfers pursuant to 11 U.S.C. § 549; and

B. For such other and further relief as the Court deems appropriate.

### IV. COUNT TWO

**(Recovery of Property Pursuant to 11 U.S.C. §§ 550 and 551)**

26. Plaintiff realleges and incorporates herein all preceding allegations of this Complaint.

27. Pursuant to 11 U.S.C. §§550 and 551, to the extent that the Transfers are avoided under 11 U.S.C. § 549, the Transfers are preserved for the benefit of the Estate and Trustee may recover the property transferred, or, if the court so orders, the value of such property, from the initial transferee of such transfer or the entity for whose benefit such transfer was made.

28. To the extent that the Transfers are avoided pursuant to 11 U.S.C. § 549, Plaintiff, as trustee, is entitled to recover the Transfers, or the value thereof, from Bank of America, N.A. as the immediate transferee of the Transfers.

29. To the extent that the Transfers are avoided pursuant to 11 U.S.C. § 549, Plaintiff is entitled to recover the Transfers, or the value thereof, from Defendant King, as the beneficiary of the Transfers.

WHEREFORE, Plaintiff prays for judgment against Defendant Bank of America and Defendant Jineane M. King as follows:

A. For entry of judgment against Defendant Bank of America and Defendant Jineane M. King, jointly and severally, in the amount of $10,280.00;

B. Directing Defendant Bank of America and Defendant Jineane M. King, jointly and severally, to pay Plaintiff the sum of not less than $10,280.00, or an amount to be determined at hearing;

C. For interest on said sum until paid at the highest rate allowed by law;

D. For Plaintiff's reasonable costs and attorney's fees incurred herein; and

E. For such other and further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED this 3rd day of December, 2014.

**LANE & NACH, P.C.**

By /s/ Jonathan C. Simon
    Stuart B. Rodgers
    Jonathan C. Simon
    Attorneys for Plaintiff